**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONATHAN VOORHIS**, | ) | |
| **Plaintiff,** | ) | |
| | ) | **C.A. No. 23-93 Erie** |
| | ) | |
| **v.** | ) | **District Judge Susan Paradise Baxter** |
| | ) | **Magistrate Judge Christopher B. Brown** |
| **LT. LINDSEY, et al.,** | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM ORDER**</u>

Plaintiff Jonathan Voorhis, a former inmate at the Erie County Prison in Erie,

Pennsylvania ("ECP"),[1] initiated this action by filing a *pro se* civil rights complaint against

multiple individuals employed at ECP identified as: Lt. Lindsey, Nurse Lindsey, C.O. Amann,

C.O. Cruz, C.O. White, Counselor Wagner, Counselor Billie, Captain Bolt, and Warden Kevin

Sutter, as well as two unnamed Defendants identified as John Doe 1 and John Doe 2. This matter

was referred to Chief United States Magistrate Judge Richard A. Lanzillo for report and

recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules

72.1.3 and 72.1.4 of the Local Rules for Magistrates.[2]

Plaintiff's claims against all Defendants other than Defendant Lindsey were previously

dismissed pursuant to this Court's Memorandum Order dated August 19, 2024. [ECF No. 56]. As

a result, the only claims remaining are Plaintiff's Eighth Amendment excessive use of force

---

1 Plaintiff was subsequently incarcerated at the State Correctional Institution at Frackville, Pennsylvania, before being released on parole on or about June 7, 2024 [ECF No. 54]. Plaintiff currently resides at his home address in Erie, Pennsylvania.

2 On January 26, 2026, Judge Lanzillo issued an Order recusing himself [ECF No. 118], and the case was reassigned to U.S. Magistrate Judge Christopher B. Brown as referral judge.

claims against Defendant Lindsey stemming from three incidents that occurred on January 21, 2023: (1) Defendant Lindsey sprayed Oleoresin Capsicum ("OC") spray into Plaintiff's cell sometime after Plaintiff "mule-kicked" his cell door twice after Lindsey had walked away from Plaintiff's cell following a verbal exchange between the parties; (2) later the same day, Defendant Lindsey entered Plaintiff's cell with other officers to remove Plaintiff's cellmate and, after a verbal altercation with Plaintiff, Lindsey placed his left hand around Plaintiff's neck and allegedly applied force; (3) shortly after the alleged "choking" incident, Lindsey again deployed OC spray through the cell door's hatch after Plaintiff repeatedly refused orders to uncuff.

After completing discovery, both parties filed motions for summary judgment (ECF Nos. 86 (Plaintiff), and 91 (Lindsey)), which were fully briefed and supported by video evidence of the incidents at issue.[3]

On January 15, 2026, Chief Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that both motions for summary judgment be denied, finding that there remain genuine issues of material fact regarding the reasonableness and/or extent of the force applied by Defendant Lindsey. [ECF No. 116]. In particular, with regard to Lindsey's first use of OC spray, Judge Lanzillo found that, "Although Lindsey's use of OC spray appears to have been unnecessary from a safety perspective, the evidence regarding [Plaintiff's] "mule kicks" to his cell door are minimally sufficient to raise an issue of fact as to whether such force was reasonable to restore order, mitigate disruption, and avoid damage to prison property." (ECF No. 116, at pp. 10-11). In addition, as to Lindsey's application of force to Plaintiff's neck area, Judge Lanzillo found that "the video is not conclusive regarding the nature or extent of the

---

3 The video evidence consists of seven (7) dvds that preserved the video and audio recordings from Lindsey's body camera. (See ECF Nos. 88, 93, and 94).

force Lindsey applied to Voorhis' neck area because not all contact is clearly observable in the video." (Id. at p. 12).

Plaintiff has filed timely objections to the R&R [ECF No. 117] challenging Judge Lanzillo's findings on several grounds.[4] First and foremost, Plaintiff objects to the fact that the R&R fails to address "the undisputed second [OC] spraying" incident and, thus, fails to make a recommendation as to Plaintiff's motion for summary judgment regarding that incident. (Id. at p. 1). Plaintiff is correct and this failure alone is sufficient grounds for remand to the Magistrate Judge for further consideration.

In addition, Plaintiff raises two other challenges that have merit and require further clarification and/or reconsideration. First, Plaintiff challenges Judge Lanzillo's reliance on the video footage alone in finding it "impossible to discern … the amount of force [Lindsey] was applying to [Plaintiff's] neck" (ECF No. 116, at p. 12), when Lindsey has admitted he used a "pressure point technique" to Plaintiff's neck. (ECF No. 114, at ¶ 57). In light of this admitted application of force, Plaintiff cogently argues that the Magistrate Judge "must evaluate at least the admitted level of force for objective reasonableness" rather than "proceed from a premise of factual uncertainty" as to the amount of force that was applied. (ECF No. 117, at pp. 3-4).

Second, Plaintiff challenges Judge Lanzillo's findings regarding the reasonableness of the first OC spraying, noting an evident contradiction between the Magistrate Judge's ultimate finding that Plaintiff's "mule kicks" were "minimally sufficient to raise an issue of fact as to whether such force was reasonable to restore order, mitigate disruption, and avoid damage to prison property" (ECF No. 116, at pp. 10-11), and his earlier observation that "the record would

---

4  No objections to the R&R have been filed by Defendant Lindsey.

support a finding that [Plaintiff's] behavior had ceased well before Lindsey discharged OC spray into his locked cell," and "[t]here is nothing in the video or other record materials to support a finding that [Plaintiff] was engaging in any disruptive behavior when Lindsey returned to his cell, opened his wicket, and sprayed him." (Id. at p. 8). The Court agrees that these findings appear contradictory and require clarification and/or further development.

Thus, after *de novo* review of documents in this case, together with the report and recommendation and Plaintiff's objections thereto, the following order is entered:

AND NOW, this 12th day of March, 2026;

IT IS HEREBY ORDERED that the Court declines to adopt the report and recommendation of Chief Magistrate Judge Lanzillo issued on January 15, 2026 [ECF No. 116] and remands this matter to the Magistrate Judge for further consideration of the parties' cross motions for summary judgment [ECF Nos. 86, 91], in light of the matters addressed by the Court in this Order.

SUSAN PARADISE BAXTER
United States District Judge

cc:     The Honorable Christopher B. Brown
        United States Magistrate Judge

        The Honorable Richard A. Lanzillo
        Chief U.S. Magistrate Judge

        all parties of record