**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONATHAN VOORHIS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **C.A. No. 23-93 Erie** |
| | ) | |
| **v.** | ) | **District Judge Susan Paradise Baxter** |
| | ) | **Chief Magistrate Richard A. Lanzillo** |
| **LT. LINDSEY, et al.,** | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM ORDER</u>**

Plaintiff Jonathan Voorhis, a former inmate at the Erie County Prison in Erie, Pennsylvania ("ECP"),[1] initiated this action by filing a *pro se* civil rights complaint against multiple individuals employed at ECP identified as: Lt. Lindsey, Nurse Lindsey, C.O. Amann, C.O. Cruz, C.O. White, Counselor Wagner, Counselor Billie, Captain Bolt, and Warden Kevin Sutter, as well as two unnamed Defendants identified as John Doe 1 and John Doe 2. This matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.[2]

Plaintiff's claims against all Defendants other than Defendant Lindsey were previously dismissed pursuant to this Court's Memorandum Order dated August 19, 2024. [ECF No. 56]. As

---

[1] Plaintiff was subsequently incarcerated at the State Correctional Institution at Frackville, Pennsylvania, before being released on parole on or about June 7, 2024 [ECF No. 54]. Plaintiff currently resides at his home address in Erie, Pennsylvania.

[2] On January 26, 2026, Judge Lanzillo issued an Order recusing himself [ECF No. 118], and the case was reassigned to U.S. Magistrate Judge Christopher B. Brown as referral judge.

a result, the only claims remaining are Plaintiff's Eighth Amendment excessive use of force claims against Defendant Lindsey stemming from three incidents that occurred on January 21, 2023: (1) Defendant Lindsey sprayed Oleoresin Capsicum ("OC") spray into Plaintiff's cell sometime after Plaintiff "mule-kicked" his cell door twice after Lindsey had walked away from Plaintiff's cell following a verbal exchange between the parties; (2) later the same day, Defendant Lindsey entered Plaintiff's cell with other officers to remove Plaintiff's cellmate and, after a verbal altercation with Plaintiff, Lindsey placed his left hand around Plaintiff's neck and allegedly applied force; (3) shortly after the alleged "choking" incident, Lindsey again deployed OC spray through the cell door's hatch after Plaintiff repeatedly refused orders to uncuff.

After completing discovery, both parties filed motions for summary judgment (ECF Nos. 86 (Plaintiff), and 91 (Lindsey)), which were fully briefed and supported by video evidence of the incidents at issue.[3]

On January 15, 2026, Chief Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that both motions for summary judgment be denied, finding that there remain genuine issues of material fact regarding the reasonableness and/or extent of the force applied by Defendant Lindsey. [ECF No. 116]. By Memorandum Order dated March 12, 2026 [ECF No. 119], this Court declined to adopt the R&R and remanded the matter back to the Chief Magistrate Judge for further consideration of the parties' cross-motions for summary judgment, in light of the matters raised by Plaintiff in his objections to the R&R [ECF No. 117]. In particular, this Court referred this matter back for the Magistrate Judge (1) to

---

[3] The video evidence consists of seven (7) dvds that preserved the video and audio recordings from Lindsey's body camera. (See ECF Nos. 88, 93, and 94).

address Plaintiff's allegations regarding an "undisputed second [OC] spraying" incident; (2) to consider the objective reasonableness of the force that was applied by Defendant to Plaintiff's neck through his admitted use of a "pressure point technique;" and (3) to reconsider the reasonableness of the first OC spraying incident alleged by Plaintiff. (ECF No. 119, at pp. 3-4).

On June 18, 2026, Judge Lanzillo issued a Supplemental Report and Recommendation ("R&R2), once again recommending that both Plaintiff's and Defendant's motions for summary judgment be denied, finding that genuine issues of material fact remain for trial. [ECF No. 124]. In particular, Judge Lanzillo found with regard to the second OC spraying incident that the record evidence fails to conclusively establish either that the spraying was "applied in good faith to secure [Plaintiff's] compliance after he repeatedly defied the officers' orders," or that it was "unnecessary and maliciously motivated," such that summary judgment for either party is not warranted.[4] (Id. at p. 5). The same type of finding was made with regard to Defendant's use of a "pressure point technique" to Plaintiff's neck area. In this regard, Judge Lanzillo determined that a reasonable jury could find that the amount of force applied was *de minimis*, and the reasonableness and/or necessity of the force applied by Defendant are issues better left for a jury. (Id. at pp. 7-12). Finally, as to the final issue regarding the seeming inconsistencies in his prior R&R concerning Plaintiff's claim arising from the first OC spraying incident, Judge Lanzillo explained that the inconsistent findings simply reflected the alternative findings a reasonable jury could reach in light of the record evidence, either of which was determined to be plausible. Thus, summary judgment was found to be inappropriate. (Id. at pp. 12-14).

---

[4] The R&R notes further that the record is inconclusive as to whether the second use of OC spray was *de minimis*. (ECF No. 124, at pp. 5-6).

Plaintiff has filed timely objections to the R&R [ECF No. 125], which largely challenge the Magistrate Judge's interpretation of the record evidence; however, the Court finds no error of judgment in the Magistrate Judge's findings and agrees with his conclusion that there remain genuine issues of material fact that are more appropriate for a jury to decide.

Thus, after *de novo* review of documents in this case, together with the report and recommendation and Plaintiff's objections thereto, the following order is entered:

AND NOW, this 15th day of July, 2026;

IT IS HEREBY ORDERED that the cross-motions for summary judgment filed by Plaintiff [ECF No. 86] and Defendant Lindsey [ECF No. 91] are both DENIED. The supplemental report and recommendation of Chief Magistrate Judge Lanzillo issued on June 18, 2026 [ECF No. 124] is hereby adopted as the opinion of the Court.

SUSAN PARADISE BAXTER
United States District Judge

cc:     The Honorable Richard A. Lanzillo
        Chief U.S. Magistrate Judge

        all parties of record